AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the
Western District of Arkansas
Fayetteville Division

| | | |
|---|---|---|
| In the Matter of the Search of | ) | Case No. 5:21CM 50 |
| | ) | |
| **INFORMATION ASSOCIATED WITH** | ) | |
| **Contents of files submitted in connection** | ) | |
| **With cybertipline report #89013564, currently** | ) | |
| **In the custody of HSI Fayetteville, Arkansas** | ) | |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe property to be searched and give its location):* **SEE ATTACHMENT "A".**

located in the Western District of Arkansas, there is now concealed *(identify the person or describe the property to be seized):* **SEE ATTACHMENT "B"**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

■ evidence of a crime;

■ contraband, fruits of crime, or other items illegally possessed;

■ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252A(a)(2)(A) | Distribution of Child Pornography |
| 18 U.S.C. § 2252A(a)(5)(B) | Possession of Child Pornography |

The application is based on these facts: **See Affidavit of HSI Special Agent Gerald Faulkner**

■ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Gerald Faulkner, Special Agent - HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: August 5th, 2021

_____
*Judge's signature*

City and state:  Fayetteville, Arkansas        Christy Comstock, United States Magistrate Judge
*Printed name and title*

## Affidavit in Support of Application for Search Warrant

I, Gerald Faulkner, being duly sworn, depose and state as follows:

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"), currently assigned to the Assistant Special Agent in Charge Office in Fayetteville, Arkansas. I have been so employed with HSI since April 2009. As part of my daily duties as an HSI agent, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, online enticement, transportation, receipt and possession of child pornography, in violation of Title 18, United States Code, Sections 2251, 2251A, 2422(b), 2252(a) and 2252A. I have received training in the area of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as defined in Title 18 United States Code, Section 2256) in all forms of media including computer media. I have also participated in the execution of numerous search warrants and arrest warrants, a number of which involved child exploitation and/or child pornography offenses. This Affidavit is being submitted based on information from my own investigative efforts as well as information obtained from others who have investigated this matter and/or have personal knowledge of the facts herein.

2. This Affidavit is being submitted in support of an application for a search warrant for the files submitted in connection with a Cybertip (more fully described in Attachment A), and the data located therein, there being probable cause to believe that located in the place described in Attachment A are items described in Attachment B, being evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Section 2252A(a)(2)(A) Distribution of Child Pornography and Title 18, United States Code, Section 2252A(a)(5)(B), Possession of Child Pornography.   As such, it does not include all of the information known to me as part of this investigation, but only information sufficient to establish probable cause for the requested search warrant.

## Statutory Authority

3.    This investigation concerns alleged violations of Title 18, United States Code, Section 2252A(a)(2)(A) Distribution of Child Pornography and Title 18, United States Code, Section 2252A(a)(5)(B), Possession of Child Pornography, relating to material involving the sexual exploitation of minors, which has been defined in Title 18, United States Code, Section 2256, as an individual under 18 years of age.

4.    Under Title 18, United States Code, Section 2252A(a)(2)(A), it is a federal crime for any person to distribute child pornography, as that term is defined by federal law. Under Title 18, United States Code, Section 2252A(a)(5)(B), it is a federal crime for any person to possess child pornography, as that term is defined by federal law. "Child pornography" is defined under Title 18, United States Code, Section 2256(8)(A) as any visual depiction, including any photograph, film, video, picture, or computer- or computer-generated image or picture, whether made or produced by electronic, mechanical or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct. "Sexually explicit conduct" is defined under Title 18, United States Code, Section 2256(2)(A) as actual or simulated (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or masochistic abuse; or (v) lascivious exhibition of the anus, genitals, or pubic area of any person. Further under Title 18, United States Code, Section 2253(a)(3), a person who is convicted of an offense under Title 18 United States Code, Section 2252 or 2252A, shall forfeit to the United States such person's interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense.

## Probable Cause

5.     The National Center for Missing and Exploited Children ("NCMEC") is an organization that, among other things, tracks missing and exploited children, and serves as a repository for information about child pornography. Companies that suspect child pornography has been stored or transmitted on their systems can report that information to NCMEC in a cybertip. To make such a report, a company providing services on the internet ("ISP") can go to an online portal that NCMEC has set up for the submission of these tips. The ISP then can provide to NCMEC information about the child exploitation activity it believes has occurred, including the incident type, the incident time, any screen or usernames associated with the activity, any IP address or port numbers it captured, as well as other information it may have collected in connection with the suspected criminal activity. Other than the incident type and incident time, the remainder of the information the ISP provides is voluntary and undertaken at the initiative of the reporting ISP. The ISP may also upload to NCMEC any files it collected in connection with the activity. The ISP may or may not independently view the content of the files it uploads. NCMEC does not review the content of these uploaded files. Using publicly available search tools, NCMEC then attempts to locate where the activity occurred based on the information the ISP provides such as IP addresses. NCMEC then packages the information from the ISP along with any additional information it has, such as previous related cybertips, and sends it to law enforcement in the jurisdiction where the activity is thought to have occurred.

6.     Your Affiant knows from his training and experience that the ISP flags and reports images or files that have the same "hash values" (MD5) as images that have been reviewed and identified by NCMEC or by law enforcement as child pornography. A hash value is akin to a fingerprint for a file. The contents of a file are processed through a cryptographic algorithm, and a unique numerical value – the hash value - is produced that identifies the unique contents of the file. If the contents are modified in any

way, the value of the hash will also change significantly. Your Affiant knows from his training and experience that the chances of two files with different content having the same hash value are infinitesimal.

7.      Here, your Affiant knows from his training and experience that the ISP compares the hash values of files that its customers transmit on its systems against the list of hash values that Snapchat/NCMEC has. If the ISP finds that a hash value of a file on its systems matches one on the list, it captures the file along with information about the user who posted, possessed, or transmitted it on the ISP's systems.

8.      Your Affiant also knows that the ISP uses PhotoDNA. PhotoDNA is a software technology developed by Microsoft that computes hash values of images, video and audio files to identify alike images. PhotoDNA is primarily used in the prevention of child pornography proliferation.

9.      On or about April 16, 2021, the internet service provider Snapchat, ("ISP") submitted Cybertipline Report # 89013564 to the National Center for Missing and Exploited Children ("NCMEC"). The incident type was: "Child Pornography (possession, manufacture, and distribution)," and the incident time was listed as: April 16, 2021, at 02:59:35 UTC.

10.     Based on my training and experience, your Affiant knows NCMEC then used publicly available search tools to discover that the IP address the ISP reported resolved to the Fort Smith and Springdale, Arkansas areas. The IP addresses resolved to Verizon Wireless. Your Affiant currently has the cybertip report and the unopened contents of the file that the ISP uploaded in connection with the cybertip.

11.     The ISP also uploaded files in connection with the report, the content of which NCMEC did not review. The report *did not* indicate that the ISP reviewed the contents of the files. The ISP reported the following additional information: IP addresses; screen names/usernames; email address; filenames; MD5 Hash Value; Suspect Profile URL and ESP User ID. Based on my training and experience your

Affiant understands the additional information the ISP provider gave contained eleven (11) uploaded files which were categorized by the company as being two (2) unconfirmed child pornography files, eight (8) apparent child pornography files and one (1) child unclothed file based on the hash values of the files.

12.     Therefore, there is probable cause to believe that the images the ISP uploaded in connection with the cybertip contains an image of previously-identified child pornography.

13.     Based on the foregoing information, probable cause exists to believe there is located inside the files that the ISP uploaded in connection with the above cybertip, evidence of violations of Title 18, United States Code, Section 2252A(a)(2)(A) Distribution of Child Pornography and Title 18, United States Code, Section 2252A(a)(5)(B), Possession of Child Pornography. Your Affiant prays upon his honorable court to issue a search warrant for the items set forth in attachment "B" (which is attached hereto and incorporated herein by reference), that constitute evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Section 2252A(a)(2)(A) Distribution of Child Pornography and Title 18, United States Code, Section 2252A(a)(5)(B), Possession of Child Pornography.

Gerald Faulkner, Special Agent
Homeland Security Investigations

Affidavit subscribed and sworn to before me this  5th  day of August, 2021.

Honorable Christy Comstock
United States Magistrate Judge

**ATTACHMENT A**

**DESCRIPTION OF LOCATION TO BE SEARCHED**

Content of files uploaded in connection with Cybertipline Report # 89013564 (hereinafter and in

Attachment B the "Files"), currently held by HSI in Fayetteville, Arkansas.

## ATTACHMENT B

## DESCRIPTION OF ITEMS TO BE SEIZED AND SEARCHED

For the Files listed and described in Attachment A, the following items, that constitute evidence of the commission of, contraband, the fruits of crime, or instrumentalities of violations of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(5)(B):

1. Images or visual depictions of child pornography.

2. Any and all information, notes, documents, records, or correspondence, in any format or medium, pertaining to child pornography or sexual activity with or sexual interest in minors.

3. Any and all information, documents, records, photos, videos, or correspondence, in any format or medium, pertaining to use or ownership of the File(s), or that aid in the identification of persons involved in violations of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(5)(B)

### DEFINITIONS:

4. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer data or electronic storage; any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as digital image files; microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

5. "Child Pornography" is defined in 18 U.S.C. § 2256(8), which includes as any visual depiction of sexually explicit conduct involving the use of a minor; a digital image, computer image, or computer-generated image that is, or is indistinguishable from that of a minor engaged in sexually explicit conduct; or a visual depiction that has been created, adapted, or modified to appear than an identifiable minor is engaging in sexually explicit conduct.

6. "Visual depiction" includes prints, copies of visual images, developed and undeveloped film and videotape, and data stored on computer disk or by electronic means, which is capable of conversion into a visual image. See 18 U.S.C. § 2256(5).